UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:18-cv-917-MCE-EFB |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SHREE RANG, LLC, a California Limited Liability Company, | |
| Defendant. | |

This case is before the court on plaintiff's motion for default judgment.[1]  ECF No. 8.  For the reasons stated below, it is recommended the motion be granted.[2]

I.  Background

Plaintiff filed this action against defendant Shree Rang, LLC, alleging defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the California Unruh Civil Rights Act ("Unruh Act").  Compl. (ECF No. 1).  According to the complaint, plaintiff is a quadriplegic and uses a wheelchair for mobility.  *Id.* ¶ 1.  Defendant owns and

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19).  *See* 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not be of material assistance in resolving the motion.  Accordingly, the matter was ordered submitted without oral argument. ECF No. 12.  *See* E.D. Cal. L.R. 230(g).

1

operates a motel located at 2509 E. Pacheco Blvd., Los Banos, California. *Id*. ¶ 13. The motel is a place of public accommodation. *Id*. ¶ 19.

Plaintiff went to the motel on seven occasions from July 2016 through March 2018. *Id*. ¶ 18. During these visits he discovered that the motel's facility does not have an ADA accessible parking space. *Id*. ¶¶ 21-26; *see* 2010 ADA Accessibility Guidelines § 208 (requiring at least one accessible parking space); § 502.4 (requiring parking spaces and access aisles to not have surface slopes exceeding 1:48 ratio, or 2.08 percent).

The docket reflects that defendant's agent for service of process was served with a copy of the summons and complaint on May 14, 2018. ECF No. 4; *see* Cal. Civ. P. Code § 415.20(a). After defendant failed to timely respond to the complaint, plaintiff requested entry of defendant's default (ECF No. 5), which the Clerk entered on June 20, 2018 (ECF No. 6). Plaintiff now moves for default judgment on his ADA and Unruh Act claims. ECF No. 8. He seeks $4,000 in statutory damages under the Unruh Act, as well as injunctive relief and attorneys' fees and costs. *Id*. at 2.

II.     Discussion

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

A.  <u>Americans with Disabilities Act</u>

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id*. § 12182(b)(2)(A)(iv).  Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense."  42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

/////

3

Here, the complaint alleges that plaintiff is an individual with a disability, defendant is the owner and operator of the motel, and that defendant denied plaintiff public accommodation because the motel did not provide an accessible parking space. ECF No. ¶¶ 1, 13, 19, 21-26. Plaintiff further alleges that removal of the architectural barrier is readily achievable. *Id*. ¶¶ 35-36. Accepting these allegations as true, the merits of plaintiff's ADA claim and the sufficiency of the complaint weigh in favor of default judgment.

Furthermore, many of the remaining *Eitel* factors weigh in favor of granting plaintiff's application for default judgment. Although defendant was properly served a copy of the summons and the complaint, as well as a copy of the instant motion for default judgment (ECF No. 8-9), it has not responded to the complaint. Thus, it appears that defendant's default is not due to excusable neglect. The sum of money at stake is relatively small and, when accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc., 219 F.R.D. at 500*; *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.

Furthermore, plaintiff would potentially face prejudice if the court did not enter default judgment as defendant has failed to respond to plaintiff's complaint, and without the entry of default judgment plaintiff will not be able to address his claims. Although there is a strong policy in deciding cases on the merits, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177; *see Craigslist, Inc. v. Naturemarket, Inc.*, 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009).

Accordingly, plaintiff is entitled to default judgment on his ADA claim against defendants.

/////

B. <u>Unruh Civil Rights Act</u>

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act permits statutory damages in the amount of $4,000 for each occasion the plaintiff is denied equal access. Cal. Civ. Code § 52(a). Significantly, any violation of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664 (2009).

Plaintiff's Unruh Act claim is predicated on defendant's alleged violation of the ADA. ECF No. 1 ¶¶ 47-52. Accordingly, plaintiff is entitled to the $4,000 in statutory damages he seeks for defendant's violation of the Unruh Act.

III. <u>Fees and Costs</u>

Plaintiff also requests attorneys' fees, investigator fees, service costs and filing fees. ECF No. 8-1. He requests $580 in filing fees and service and investigator costs, which the court finds reasonable. *Id.* at 7.

Plaintiff also seeks $3,522.50 in attorneys' fees. *Id.* In determining the reasonableness of attorneys' fees, the U.S. Court of Appeals for the Ninth Circuit uses the lodestar method. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In applying the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Id.*

Plaintiff seeks fees based on 1.7 hours at an hourly rate of $425 for work performed by attorney Mark Potter, 5.3. hours at a rate of $425 for work performed by attorney Russel Handy, 0.6 hours at a rate of $400 for work performed by attorney Phyl Grace, 0.8 hours at a rate of $375 for work performed by attorney Christina Carson, and 0.1 hours at a rate of $375 for work performed by "A. Seabock." ECF No. 8-3 at 8.

5

With the exception of the one billing entry for "A. Seabock," the court finds reasonable the number of hours expended by counsel in handling this matter appears reasonable. Counsel's billing records reflect that an "A. Seabock" spent 0.1 hours reviewing the Clerk's entry of default on October 9, 2019. But the Clerk entered default on June 19, 2018—more than a year earlier—and it is not clear why "A. Seabock" needed to complete this task and the records do not indicate that this individual performed any other work on this case.[3] Accordingly, the 0.1 hours billed by A. Seabock should be excluded from plaintiff's fee award.

The court also finds the hourly rates requested are excessive. The vast majority of recent cases from this district have concluded that in light or prevailing rates within this district for comparable litigation the hourly rates of $300 for Mr. Potter and Mr. Handy, $250 for Ms. Grace, and $150 for associates with similar experience to Ms. Carson, are reasonable. *See, e.g.*, *Johnson v. Hey Now Properties*, LLC, No. 2:16-CV-02931 WBS KJN, 2019 WL 586753, at *3 (E.D. Cal. Feb. 13, 2019) (finding hourly rate of $300 for Potter and Handy, $250 for senior attorneys, and $150 for junior attorneys were reasonable); *Johnson v. Wen Zhi Deng*, No. 2:15-CV-02698 KJM EFB, 2019 WL 1098994, at *2 (E.D. Cal. Mar. 8, 2019) (holding that "the rates outlined in *Hey Now Properties* are the appropriate, prevailing rates in this district . . . ."); *Johnson v. Pizano*, 2019 WL 2499188, at *7 (E.D. Cal. June 17, 2019) (recommending "a reasonable hourly rate of $300 per hour for attorneys Potter and Handy, $250 for attorney Grace, and $150 for the less experienced associate."); *Johnson v. Powers*, No. 2:15-cv-245 WBS AC (PS), 2019 WL 2386063, at *1 (E.D. Cal. June 5, 2019) (observing that the rates outlined in *Hey Now Properties* are the rates typically awarded in ADA cases, but awarding fees at a slightly higher rate because "counsel went above and beyond what is typically done in a disability access case."); *but see Johnson v. Bourbon Properties, LLC*, No. 2:14-cv-2949 MCE AC, 2019 WL 1426340, at *3 (E.D. Cal. Mar. 29, 2019) (finding reasonable rates of $325 per hour for Mr. Potter and $175 per

/////

---

[3] Aside from this issue, plaintiff failed to provide sufficient information to allow the court to assess the reasonableness of the $375 hourly rate sought for "A. Seabock." Plaintiff provided no information about this individual's education or work experience. Indeed, on the sparse information provided the record is not entirely clear if this individual is an attorney.

6

hour for Mr. Price). This court agrees with the analysis in those cases and finds the above noted hourly rates to be reasonable.[4]

Accordingly, the court finds that plaintiff is entitled to $510 (1.7 x $300) for work performed by Mr. Potter, $1,590 (5.3 x $300) for work performed by Mr. Handy, $150 (0.6 x $250) for work performed Ms. Grace, and $120 (0.8 x $150) for work performed by Ms. Carson, for a total award of $2,370.

III.  Conclusion

For the reasons stated above, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 8) be granted.

2. Plaintiff be awarded statutory damages in the amount of $4,000.

3. Plaintiff be granted an injunction requiring defendant to provide an accessible parking space in compliance with the Americans with Disabilities Act Accessibility Guidelines.

4. Plaintiff be awarded attorneys' fees and costs in the amount of $2,950.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 1, 2020.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] In support of his request for attorneys' fees, plaintiff submits a declaration from attorney Russell Handy. ECF No. 8-3. The declaration, however, is devoid of any evidence with respect to the prevailing local rate for this district. *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1024-25 (9th Cir. 2019) (holding that courts must consider evidence submitted by counsel regarding the going hourly rate in the relevant district). Accordingly, the court finds recent cases awarding fees to plaintiff's attorneys persuasive.